KESSLER v. BEST.

(Circuit Court, S. D. New York. January 3, 1903.)

1. WITNESSES—PRIVILEGED MATTER—DOCUMENTS BELONGING TO RECORDS OF FOREIGN CONSULATE.

Documents which are a part of the archives of a foreign consulate are privileged, and a witness cannot be compelled to disclose their contents.

2. SAME—EXAMINATION IN ANOTHER DISTRICT — POWER OF COURT ISSUING SUBPŒNA.

A circuit court of one district, under whose subpœna a witness has been brought before an examiner to give testimony in a suit pending in another district, has power to strike out · from his testimony anything which violates the privilege of a foreign government by disclosing the contents of documents which belong to the records of its consulate, where the privilege was claimed and sustained after the witness had incautiously or inadvertently violated the privilege by some of his answers.

Motion to compel a witness to answer cross-questions. He is being examined here under section 863 [U. S. Comp. St. 1901, p. 661]; the action—for libel—being at issue in the United States Circuit Court for the Eastern District of Wisconsin.

Herbert R. Limburger, for the motion.

Jno. Brooks Leavitt, opposed.

LACOMBE, Circuit Judge. The witness claims that the documents about which he is interrogated are part of the archives of the German consulate, and therefore privileged. The objection is well taken, but defendant cannot be allowed to retain so much of the direct examination as deals with these same documents. The passages marked in blue are therefore stricken out of the direct. It is difficult to understand upon what theory the rest of the direct could be admitted, except, perhaps, to the extent that witness put stamps on four bottles of wine, and delivered them to the shipbuilding company. Conversations between Dingwell and Downey on the one side, and the secretary of the German consulate on the other, at which plaintiff was not present, seem to be manifestly incompetent against him. However, that is a question to be settled by the trial court. This court deals only with the question of privilege.

(January 10, 1903.)

Memorandum on settlement of order sustaining the refusal of the witness Theodore Jakel to answer certain questions, and directing that certain answers already made by him should be struck from the record:

LACOMBE, Circuit Judge. The memorandum submitted on behalf of the defendant has been carefully considered. The court's understanding of the matter is that upon the hearing counsel for the German government asked, not only that the witness be excused from answering certain questions with regard to documents belonging to the German consulate, on the ground that they were privileged by statute and by treaty, but also that some answers which the witness

had already incautiously made, purporting to give the contents of part of such documents, should also be stricken out. The "privilege" was that of the German government, not of the witness, and inasmuch as the witness attended under the compulsion of the subpœna issued out of the Circuit Court, Southern District of New York, and answered under constraint of an apprehension of commitment by the same court, should he refuse, it was assumed to be within the power of this court to strike out any part of the testimony which violated the "privilege" of the German government.

In order that the situation may be presented to the Circuit Court in Wisconsin precisely as it is, the examining officer will certify the record which was before this court on the motion, and also the order now signed. It is thought that the result will be the same, whichever court disposes of the question, because of the manifest unfairness of allowing a party to avail himself of part of a "privileged" document which he has by chance got upon the record, when the assertion of the "privilege" prevents his adversary from introducing the rest of the document.